IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DARRYL A. WILLIAMS

_____/

INDICTMENT

4:17cr10-MW

THE GRAND JURY CHARGES:

At all times material to this Indictment:

1.      Envision Credit Union was a financial institution, the deposits of which were federally insured by the National Credit Union Administration ("NCUA") through the National Credit Union Share Insurance Fund.

2.      From on or about March 20, 2007, through on or about July 2, 2010, the defendant, DARRYL A. WILLIAMS, was employed by the United States Department of Transportation ("DOT") Federal Railroad Administration ("FRA").

3.      From on or about July 3, 2010, through on or about December 3, 2011, WILLIAMS was not employed by FRA, DOT, or any other federal department or agency.

4.      From on or about December 4, 2011, through on or about May 3, 2014, WILLIAMS was employed by DOT Federal Motor Carrier Safety Administration.

5.  From on or about May 4, 2014, through the present, WILLIAMS was employed by the Social Security Administration.

## COUNT ONE

6.  The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

7.  From in or around November 2010, and continuing through in or around October 2016, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody of, Envision Credit Union, by means of false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme

8.  The purpose of WILLIAMS's scheme and artifice to defraud was to obtain and attempt to obtain money, loans, and lines of credit from Envision Credit Union through false and fraudulent representations.

### Manner and Means

The manner and means by which WILLIAMS carried out the scheme and artifice to defraud included, but were not limited to, the following:

9. WILLIAMS submitted to Envision Credit Union, in person, by phone, and online, numerous applications for approximately $150,000 of loans and lines of credit in which he lied about his employment status, employer, job title, length of employment, and/or salary.

10. WILLIAMS lied to Envision Credit Union on these applications in order to increase the likelihood that the applications would be approved by making it appear that he was employed, had consistently maintained employment, had a better job title, and made significantly more money than he was actually earning.

11. WILLIAMS submitted to Envision Credit Union records—including DOT Earnings and Leave Statements and bank statements—that he had falsified, forged, doctored, or otherwise manipulated.

12. WILLIAMS submitted these falsified records in an attempt to falsely verify the lies he told in the applications and to increase the likelihood that the applications would be approved.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

13. The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

14. On or about November 22, 2010, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Member Credit Application for $500, in which the defendant falsely represented that he was employed by the "FEDERAL RAILROAD ADM [*sic*]" and that his monthly income was $9,663, whereas, in truth, as the defendant knew, he was no longer employed by FRA, and he was not earning a monthly income of $9,663.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT THREE

15. The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

16. On or about February 14, 2011, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Member Credit Application for

$26,130, in which the defendant falsely represented that he was employed by the "FEDERAL RAILROAD ADMIN [sic]" and that his monthly income was $9,663, whereas, in truth, as the defendant knew, he was no longer employed by FRA, and he was not earning a monthly income of $9,663; in support of this Application, and with the purpose of further influencing the action of Envision Credit Union, the defendant knowingly submitted falsified DOT Earning and Leave Statements and falsified bank records.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

17.   The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

18.   On or about August 2, 2011, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for $1,000 in which the defendant falsely represented that he was employed by the "FEDERAL RAILROAD ADMIN [sic]", that he had been so employed since May 26, 2000,

Case 4:17-cr-00010-MW-CAS   Document 1   Filed 02/07/17   Page 6 of 11

and that his monthly income was $9,663.83, whereas, in truth, as the defendant knew, he was no longer employed by FRA, he had not been employed by FRA as of May 26, 2000, and he was not earning a monthly income of $9,663.83.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIVE

19.   The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

20.   On or about September 22, 2011, in the Northern District of Florida and elsewhere, the defendant,

## DARRYL A. WILLIAMS,

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for $1,000, in which the defendant falsely represented that he was employed by the "DEPT OF TRANSPORTATION" and had been so employed since September 21, 1999, whereas, in truth, as the defendant knew, he was no longer employed by DOT and had not been employed by DOT as of May 26, 2000; in support of this Application, and with the purpose of further influencing the action of Envision Credit Union, the defendant knowingly submitted falsified DOT Earning and Leave Statements.

6

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SIX

21.     The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

22.     On or about July 10, 2012, in the Northern District of Florida and elsewhere, the defendant,

## DARRYL A. WILLIAMS,

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for a $9,000 loan, in which the defendant falsely represented that he had been employed by DOT since October 28, 1996, that his job title was "Investigator," and that his annual salary was $115,000, whereas, in truth, as the defendant knew, he had not been employed by DOT as of October 28, 1996, his job title was not "Investigator," and he was not earning a yearly salary of $115,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SEVEN

23.     The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

24.     On or about August 2, 2012, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for a $5,000 loan, in which the defendant falsely represented that he had been employed by DOT since October 28, 1996, that his job title was "Investigator," and that his annual salary was $115,000, whereas, in truth, as the defendant knew, he had not been employed by DOT as of October 28, 1996, his job title was not "Investigator," and he was not earning a yearly salary of $115,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT EIGHT

25.     The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

26.     On or about April 3, 2014, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for a $6,000 line of credit, in which the defendant falsely represented that he had been employed by DOT since October 28, 1996, that his job title was "Investigator," and that his annual salary was $115,000, whereas, in truth, as the defendant knew, he had not been employed by DOT as of October 28, 1996, his job title was not "Investigator," and he was not earning a yearly salary of $115,000; in support of this Application, and with the purpose of further influencing the action of Envision Credit Union, the defendant knowingly submitted falsified DOT Earning and Leave Statements.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT NINE

27. The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

28. On or about August 12, 2016, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely, the defendant knowingly submitted a fraudulent Loan Application for an approximately $84,221 loan, in which the defendant falsely represented that he was employed by the "Federal US DOT," that he had been so employed since October 28, 1996, that his job title was "Investigator," and that his annual salary was $115,000, whereas, in truth, as the defendant knew, he was no longer employed by DOT and had not been employed by DOT as of October 28, 1996, his job title was not "Investigator," and he was not earning a yearly salary of $115,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT TEN

29.  The allegations contained in paragraphs 1 through 5 of this Indictment are realleged as if fully set forth herein.

30.  On or about October 14, 2016, in the Northern District of Florida and elsewhere, the defendant,

**DARRYL A. WILLIAMS,**

did knowingly make a false statement and report for the purpose of influencing the action of Envision Credit Union, an institution the accounts of which were federally insured by the NCUA, upon an application, purchase, and loan; namely,

the defendant knowingly submitted a fraudulent Loan Application for a $5,000 line of credit, in which the defendant falsely represented that he was employed by the "Federal US DOT," that he had been so employed since October 28, 1996, that his job title was "Investigator," and that his annual salary was $115,000, whereas, in truth, as the defendant knew, he was no longer employed by DOT and had not been employed by DOT as of October 28, 1996, his job title was not "Investigator," and he was not earning a yearly salary of $115,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

A TRUE BILL:

_2-7-17_
DATE

/s/ Raymond Hulser
RAYMOND N. HULSER
Chief, Public Integrity Section
Criminal Division
United States Department of Justice

PETER HALPERN
HEIDI BOUTROS GESCH
Trial Attorneys

11